IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MARGIE CLARK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | CIVIL ACTION NO.: 5:21-cv-17 |

# REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Craig R. Petersen ("the ALJ" or "ALJ Petersen") denying her claim for Supplemental Security Income. Plaintiff urges the Court to remand for reconsideration of the ALJ's decision. Doc. 16. Defendant asserts the Commissioner's decision should be affirmed. Doc. 17. For the reasons which follow, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Plaintiff filed an application for Supplement Security Income on September 5, 2019, alleging an initial onset date of February 16, 2017. R. 16.[1] Plaintiff last met the insured status

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Numbers 12-1 through 12-7. Although the transcript is broken into multiple PDF documents, each with its own CM/ECF docketing number, the transcript bears individual page numbers that run sequentially through the entire transcript. Record citations in this Report (identified with "R.") are to the individual transcript page numbers. For efficiency, no reference to the CM/ECF docketing number or the respective PDF page numbers is provided here.

requirements of the Social Security Act on December 31, 2018.  R. 18.  On October 1, 2020, ALJ Petersen held a hearing, at which Plaintiff, who was represented by counsel, appeared and testified.  R. 16.  Janice L. Bending, a vocational expert, also appeared at the hearing.  Id.  ALJ Petersen denied Plaintiff's claim for disability after the hearing in a decision issued on October 28, 2020.  R. 16–23.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  R. 1.

Plaintiff, born on December 13, 1965, was 53 years old on the date last insured and 54 years old at the time of the ALJ's decision in 2020.  R. 21.  She has limited education and no past relevant work experience.  Id.

## DISCUSSION

**I.     The ALJ's Findings**

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since her alleged onset date, February 16, 2017, through her date last insured. R. 18. At step two, ALJ Petersen determined Plaintiff had the following severe impairment: right elbow extensor full thickness tear status/post decompression. Id. The ALJ determined Plaintiff did not have any non-severe impairments, including mental impairment, and Plaintiff did not allege any. R. 18–19. At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of a listed impairment. R. 19. The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform work at the light exertional level with the following exceptions: she can push and pull up to ten pounds occasionally and stand and walk up to six hours and sit up to six hours out of an eight-hour work day with normal breaks; she cannot climb ladders or scaffolds, cannot crawl, and cannot perform overhead reaching; she can frequently handle, finger, and feel; she should not be around concentrated exposure to vibrations and wetness; and cannot be exposed to heights and other hazards. Id. At the next step, the ALJ noted Plaintiff was unable to perform any past relevant work. R. 21. The ALJ concluded at the fifth and final step Plaintiff could perform jobs such as marker, routing clerk, and collator operator, all of which exist in significant numbers in the national economy. R. 22.

## II.   Issue Presented

Plaintiff asserts the ALJ erred because his RFC determination is unsupported by substantial evidence and, further, because he relied on a hypothetical that did not include any significant limitations on account of Plaintiff's right upper extremity. Doc. 16 at 5.

**III.    Standard of Review**

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker,

679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

IV.   **The ALJ RFC Determination and Use of Hypothetical Do Not Require Remand**

Plaintiff argues ALJ Petersen failed to include any RFC limitations specific for her right upper extremity, which the ALJ found is severely impaired. Doc. 16 at 5–8. Further, ALJ Petersen then relied on an answer to a hypothetical from the vocational expert ("VE"), which did not include any right upper extremity restrictions, when determining Plaintiff could perform jobs that exist in significant number in the national economy. Id.

Defendant, on the other hand, contends the ALJ properly evaluated Plaintiff's RFC. Doc. 17 at 5–9. And further, ALJ Petersen properly relied upon the VE testimony, which included Plaintiff's RFC limitations but no additional right upper extremity limitation. Id. at 9–11.

A.   **Substantial Evidence Supports the ALJ's RFC Determination**

Plaintiff argues the ALJ failed to include explicit limitations in the RFC for Plaintiff's right arm, which the ALJ found to be severely impaired. Doc. 16 at 5.

1.   ***Legal standard.***

Social Security Regulations outline a five-step, sequential evaluation process to determine whether an individual is disabled. See 20 C.F.R. § 404.1520(a)(4). At step four, the ALJ must evaluate whether the individual has the RFC to perform past relevant work. Rodriguez v. Berryhill, 836 F. App'x 797, 805–06 (11th Cir. 2020) (citing Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing Regulations)). The RFC is "that which an individual is still able to do despite the limitations caused by his or her impairments." Id. (citing Phillips, 357 F.3d at 1238). The ALJ considers all the record evidence in making the determination of the

6

individual's RFC.  Id.; see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment, we will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity.").  An ALJ's RFC assessment must also be supported by substantial evidence, but the Court is not permitted to re-weigh the evidence or substitute its own judgment for that of the Commissioner.  See Borges v. Comm'r of Soc. Sec., 771 F. App'x 878, 882 (11th Cir. 2019) ("To the extent that Borges points to other evidence that would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of this Court's appellate review, which precludes it from re-weighing the evidence or substituting its own judgment for that of the Commissioner.")

      2.      ***Analysis.***

Plaintiff concedes the ALJ included some limitations when making his RFC determination based on her right arm injury—namely, that she cannot perform any overhead reaching and can frequently handle, feel, and finger and is limited to pushing or pulling ten pounds.  However, Plaintiff contends these limitations are inadequate based on the record.  Plaintiff points to her testimony that she cannot use her right arm or hand for anything, including any lifting or picking up objects, and that in 2014, her right-hand grip strength was zero pounds.  Id. at 6 (citing R. 41, 49–50, 353).

To be sure, as Plaintiff argues, some evidence suggests she may be more limited—primarily her own testimony.  Doc. 16 at 5–8.  However, ALJ Petersen considered this evidence and gave reasons supported by evidence in the record for discounting Plaintiff's testimony.  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) ("If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.").

For example, when making his RFC determination, the ALJ explicitly considered Plaintiff's right arm strength, or lack thereof. R. 20. The ALJ found Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent with a claim for disability." Id. ALJ Petersen pointed to evidence that Plaintiff was not as limited as she stated. Id. (citing R. 231–34). Indeed, the record supports ALJ Petersen's conclusions; the record shows Plaintiff makes herself breakfast, performs light chores, including dusting, mopping, dishes, folding towels, and putting away clothes, and assists with cooking. R. 231–33. Plaintiff also can drive a car and go shopping, which the ALJ relied on in making his determination. R. 20 (citing R. 234). That is, ALJ Petersen's RFC determination is supported by substantial evidence where he provided germane and supported reasons for discrediting Plaintiff's testimony. McBride v. Berryhill, No. CV416-220, 2017 WL 2313008, at *6 (S.D. Ga. Apr. 21, 2017) ("Inconsistency with the other evidence of record and being predicated on plaintiff's own discredited subjective testimony are germane reasons.").

The ALJ also relied on medical evidence in the record when determining Plaintiff's RFC. R. 21. The ALJ credited a November 1, 2013 examination, which showed the right elbow was normal and an August 14, 2014 appointment where Plaintiff was "functioning quite well with the activities of daily living," and Plaintiff had no pain, and an examination showing a full range of motion of the right arm and elbow. Id. (citing R. 346, 353). Moreover, these 2014 medical records are the most recent in the record, and ALJ Petersen relied on them for support, as well as an unremarkable x-ray, when making his RFC determination. R. 20. The 2014 record expressly discussed by the ALJ contained the indication Plaintiff lacked grip strength in her right hand, and the ALJ considered that record in forming Plaintiff's RFC. The medical evidence, and lack thereof, also provides substantial evidence to support ALJ Petersen's findings. Thus, I find ALJ

Petersen's RFC determination is supported by substantial evidence and Plaintiff's argument to the contrary fails.

### B.     The ALJ Gave a Complete Hypothetical Question to the VE

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619–20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562–63 (11th Cir. 1985); see also Wilson, 284 F.3d at 1227 ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.") (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).  However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

ALJ Petersen properly incorporated Plaintiff's impairments and her resulting RFC when questioning the VE.  As explained above, the limitations the ALJ found and his RFC determination are supported by substantial evidence.  Indeed, Plaintiff does not argue otherwise; instead, Plaintiff argues the ALJ should have found her to be more impaired.  However, since the ALJ did not err in his findings, his hypothetical was also proper.  Accordingly, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in a brief must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA